**William MCALISTER, Petitioner–Appellant,**

v.

**Tom PHILLIPS, Warden, Respondent–Appellee.**

No. 02–1024.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before: KEITH, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Pro se Michigan prisoner William McAlister appeals a district court judgment that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In habeas corpus actions, this court reviews a district court's legal conclusions *de novo* and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). A district court's judgment will be affirmed unless the record reflects an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Following the denial of McAlister's § 2254 petition, the district court granted McAlister a certificate of appealability on the following issue:

The prosecutor referred three times to [McAlister's] suppressed statement, in which [McAlister] stated that he backed over the victims because he did not want to get caught. Given the prejudicial na-

888

ture of this statement, the Court concludes that reasonable jurists would find it debatable whether repeated reference to this statement harmed [McAlister's] insanity defense, even in the light of the cautionary instruction given by the trial court.

Pursuant to § 2254(d), a court may not grant § 2254 relief unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The writ may issue only if "the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Upon review of the sole issue properly before us, we conclude that the district court did not err in holding that this claim does not meet the criteria of § 2254(d). Accordingly, we affirm the district court's judgment for the reasons stated by the district court in its memorandum of opinion entered on November 20, 2001. Rule 34(j)(2)(C), Rules of the Sixth Circuit.